IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**RICHARD M. ROACH, Jr.,**

    **Plaintiff,**

v.                                                               **CIVIL ACTION NO.:**  2:13-10215
                                                            **JUDGE:**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, a foreign corporation;**
**and MARY ADKINS, individually**
**and as an employee of State Farm Mutual**
**Automobile Insurance Company,**

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Richard M. Roach, by counsel, Harry F. Bell, Jr., Jonathan W. Price and The Bell Law Firm, PLLC, and for his Complaint against State Farm Mutual Automobile Insurance Company and Mary Adkins respectfully states as follows:

### I.    PARTIES

1.    Plaintiff Richard M. Roach is a resident of Braxton County, West Virginia;

2.    Defendant State Farm Mutual Automobile Insurance Company ("State Farm") is an Illinois corporation with its principal place of business in Bloomington, Illinois. State Farm is authorized to sell policies of insurance within the State of West Virginia and within the Southern District of West Virginia. Further, upon information and belief, State Farm maintains at least one operations facility with the Southern District

of West Virginia;

3. Defendant Mary Adkins is upon information and belief a resident of Washington, Pennsylvania, and at all relevant times was an employee of Defendant State Farm who exercised direct supervisory authority over the Plaintiff;

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000);

5. Venue is proper pursuant to 28 U.S.C. § 1391(d);

## III. FACTS

6. Mr. Roach was employed for approximately 23 years as a Claim Representative for Defendant State Farm in West Virginia, handling claims in the company's first-party claims unit. He is 46 years old;

7. During the course of Plaintiff's employment, he was entrusted to investigate, evaluate and mediate first-party claims made by State Farm's policyholders;

8. Over the course of his 23-year employment with State Farm, Plaintiff was promoted numerous times, received numerous positive evaluations and awards for exemplary customer service;

9. Upon information and belief, Defendant State Farm has recently begun implementing a series of cost-saving measures, including elimination of voluntary overtime and employee amenities, implementation of mandatory overtime and efforts to eliminate older employees believed to be more highly-compensated than younger

employees;

10. Upon further information and belief, supervisors such as Defendant Adkins were tasked with carrying out these cost-saving measures;

11. Beginning in approximately July, 2011, Defendant Adkins began a campaign of petty harassment against the Plaintiff, disciplining him for purported infractions such as clicking his computer mouse too quickly, tossing a notebook onto his desk with too much force for her liking, for tossing a pen inside of his cubicle, and for use of his cell phone where other employees were not similarly disciplined. Further, Defendant Adkins made negative comments about his attire, even though Plaintiff never wore anything inappropriate to work;

12. On or about September 11, 2012, Plaintiff agreed to help an acquaintance and State Farm insured negotiate a settlement with Nationwide Insurance Company following a motor vehicle accident, as the acquaintance felt that she was being bullied by the Nationwide adjuster assigned to the claim. Plaintiff was helping the acquaintance on his own time, in an unofficial capacity and without the use of any of State Farm's resources;

13. On or about September 21, 2012, Plaintiff was informed that he was being placed on administrative leave for assisting with the aforementioned claim. He was informed by State Farm that he was "acting like a lawyer," that he was giving the appearance that he was "working on the side." Plaintiff was placed on administrative leave even though no one at State Farm, including Defendant Adkins, ever told him that he should desist from helping his acquaintance with her Nationwide claim. Upon information and belief, at least one of Plaintiff's co-workers was instructed by Defendant

Adkins that he was not to speak with the Plaintiff after Plaintiff was placed on administrative leave;

14. Following his placement on administrative leave, Plaintiff was informed on October 10, 2012, by Defendant Adkins and a State Farm human resources officer that he was being terminated for a purported violation of State Farm's Code of Conduct, specifically for a purported conflict of interest based upon his "relationship with Nationwide Insurance;"

15. No one at State Farm was ever able to explain to the Plaintiff what actions he had taken that specifically constituted a "conflict of interest;"

16. Plaintiff believes his termination was motivated in whole or in part by a desire on the part of Defendant State Farm to rid itself of older employees;

17. Plaintiff was not paid for all final wages and funds owed within 72 hours of his termination by Defendant State Farm;

**First Cause of Action – Defendants State Farm and Adkins**
**Violation of the West Virginia Human Rights Act**

18. Plaintiff restates and realleges all preceding paragraphs as if set forth verbatim herein;

19. Upon information and belief, Defendant State Farm as part of cost-cutting efforts, directly or indirectly encouraged its management personnel, including Defendant Adkins, to purge older, more highly-compensated State Farm employees, including the Plaintiff, and that the allegations of conflict of interest and Defendant Adkins' various adverse actions against him were mere contrivances meant to conceal the actual motive for his termination;

20. Plaintiff is 46 years old and worked for Defendant State Farm for more

than 20 years. As he is more than 40 years old, he is a member of a protected class pursuant to the West Virginia Human Rights Act, W.Va. Code § 5-11-1, *et seq.*;

21. Plaintiff's age was a factor in Defendant State Farm's, and by extension Defendant Adkins' adverse actions against the Plaintiff;

22. Defendant Adkins's actions in furtherance of State Farm's efforts created a hostile work environment with respect to the Plaintiff, as her behavior toward the Plaintiff (1) was unwelcome, (2) was based either partially or wholly on Plaintiff's age, (3) altered Plaintiff's conditions of employment by targeting him for petty incidents for which other employees would not have been disciplined, and (4) was imputable to Defendant State Farm as Defendant Adkins was acting in the course and scope of her employment as Plaintiff's supervisor;

23. But for the Plaintiff's age, Defendants would not have terminated the Plaintiff;

**Second Cause of Action – Defendant State Farm**
**Violation of the West Virginia Wage Payment and Collection Act**

24. Plaintiff restates and realleges all preceding paragraphs as if set forth verbatim herein;

25. At all relevant times, Defendant State Farm was an "employer" as defined by W.Va. Code § 21-5-1(m);

26. At all relevant times, Plaintiff was an employee as defined by W.Va. Code §21-5-1(b);

27. Defendant State Farm terminated the Plaintiff on October 10, 2012;

28. Defendant State Farm failed to pay to the Plaintiff all sums owing to him within 72 hours of termination as required by W.Va. Code § 21-5-4(b);

29. As set forth in W.Va. Code § 21-5-4(e), Defendant is liable to the Plaintiff for the unpaid amount as well as for liquidated damages in a sum three times the amount as well as for attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for judgment against Defendants State Farm Mutual Auto Company and Mary Adkins, jointly and severally, and prays for the following relief:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Pre-judgment and post-judgment interest;

    c. Punitive damages;

    d. Attorney's fees and costs; and

    e. Any other relief this Honorable Court deems appropriate.

                                                **Respectfully submitted,**
                                                **Plaintiff Richard M. Roach, Jr.,**
                                                **By Counsel,**

    /s/ Harry F. Bell, Jr.
Harry F. Bell, Jr. (WV State Bar # 297)
Jonathan W. Price (WV State Bar # 10868)
**THE BELL LAW FIRM, PLLC**
Post Office Box 1723
Charleston, West Virginia 25326
(304) 345-1700
(304) 345-1715 Facsimile